70 F.3d 115
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Linda PUTINSKI, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-4133.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1995.
 
 1
 Before: MERRITT, Chief Judge; KENNEDY, Circuit Judge, and JOINER, District Judge.*
 
 ORDER
 
 2
 Linda Putinski appeals a district court order affirming the decision of the Secretary of Health and Human Services denying Putinski's application for social security disability benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Putinski filed an application with the Secretary seeking social security disability benefits, alleging that she suffered from rheumatoid arthritis. Putinski sought a closed period of disability running from May 1986 to June 1990. Following a hearing, the Administrative Law Judge (ALJ) determined that Putinski was not disabled. After the Appeals Council affirmed this decision, Putinski filed a complaint seeking judicial review of the Secretary's decision. The district court vacated the Secretary's decision and remanded the case. Following another hearing, the ALJ again concluded that Putinski was not disabled. Upon review, the Appeals Council vacated the ALJ's decision and remanded the case for further consideration. A new ALJ held another hearing and determined that Putinski was not disabled because she had the residual functional capacity to perform work occurring in the regional and national economy. The Appeals Council affirmed this determination. Putinski then sought judicial review of this decision. Upon consent of both parties, the matter was submitted to a magistrate judge for final disposition. The magistrate judge concluded that the Secretary's decision was supported by substantial evidence and granted summary judgment for the defendant. Putinski has filed a timely appeal, in which she argues that: 1) she met the Secretary's Listing of Impairments Sec. 1.02; 2) the ALJ improperly disregarded the disability finding of her treating physician; 3) she suffered from disabling pain; and 4) substantial evidence does not support the Secretary's decision that she could perform a limited range of light work.
 
 
 4
 Upon review, we determine that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Putinski has not established that she met the requirements of the Secretary's Listing of Impairments Sec. 1.02. See Evans v. Secretary of Health and Human Servs., 820 F.2d 161, 164 (6th Cir.1987) (per curiam). The ALJ properly disregarded the disability finding of Putinski's treating doctor. See Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). Substantial evidence supports the ALJ's conclusion that Putinski does not suffer from disabling pain, see Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986), and that Putinski was capable of performing a limited range of light work.
 
 
 5
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation